**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Velma Latrese Griggley,** | Bankruptcy No. 22-07885 |
| Debtor. | Honorable Jacqueline P. Cox |

**COVER SHEET FOR APPLICATION FOR ADMINISTRATIVE EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Ariane Holtschlag, Chapter 7 Trustee for the estate of Velma Griggley |
| Period for Which Compensation is Sought: | August 11, 2022 – October 18, 2022 |
| Amount of Fees Sought: | $6,602.50 |
| Amount of Expense Reimbursement Sought: | $286.44 |
| This is a: | First Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

Dated: November 29, 2022         **THE LAW OFFICES OF**
                                 **WILLIAM J. FACTOR, LTD.**

                                 By: */s/ Justin R. Storer*

{00231513}

Form G-5

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re:  Velma Latrice Griggley           )   Chapter  13
                                         )
                                         )   No.  22-07885
                                         )
           Debtor(s)                     )   Judge  Jacqueline Cox

### NOTICE OF MOTION

TO:  See attached list

PLEASE TAKE NOTICE that on January 9, 2023, at 9:00 a.m., I will appear before the Honorable Jacqueline Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the motion of Law Office of William J. Factor, Ltd. [to/for] Administrative Expenses, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 273 2896, and the passcode is 778135. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ Justin R. Storer

**CERTIFICATE OF SERVICE**

I, Justin R. Storer, certify [if an attorney]/declare under penalty of perjury under the laws of the United States of America [if a non-attorney] that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 29, 2022, at 5:00 p.m.

/s/ Justin R. Storer
[Signature]

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| David Freydin | david.freydin@freydinlaw.com |
| Thomas Hooper | thomas.h.hooper@55chapter13.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |

**Non-registrants in the Case**
(Service via first class mail)

**Velma Griggley**
8340 S. Elizabeth
Chicago, IL 60620

*See service list of non-registrants following*

| | | |
|---|---|---|
| (p)CARMAX AUTO FINANCE<br>225 CHASTAIN MEADOWS CT<br>KENNESAW GA 30144-5942 | | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| | CAPITAL ONE<br>P.O BOX 31293<br>SALT LAKE CITY UT 84131-0293 | CAPITAL ONE/Walmart<br>P.O BOX 31293<br>SALT LAKE CITY UT 84131-0293 |
| COMENITY/Catherines<br>3095 LOYAL TY CIRCLE BUILDING A<br>COLUMBUS, OH 43219-3673 | COMENITY/ROMANS<br>3095 LOYAL TY CIRCLE BUILDING A<br>COLUMBUS, OH 43219-3673 | COMENITY/Womanwithin<br>3095 LOYAL TY CIRCLE BUILDING A<br>COLUMBUS, OH 43219-3673 |
| Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 | DISCOVER<br>P.O BOX 30939<br>SALT LAKE CITY, UT 84130-0939 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| ED Financial<br>120 N Seven Oaks D<br>Knoxville, TN 37922-2359 | (p)ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>PO BOX 19035<br>SPRINGFIELD IL 62794-9035 | Quantum3 Group LLC as agent for<br>Genesis FS Card Services Inc<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| SYNC/HSN<br>PO Box 965015<br>Orlando, FL 32896-5015 | SYNC/PPMC<br>PO Box 965015<br>Orlando, FL 32896-5015 | SYNCB/ AMAZON<br>P. 0 BOX 965015<br>ORLANDO, FL 32896-0001 |
| SYNCB/ OLD Navy<br>P. 0 BOX 965015<br>ORLANDO, FL 32896-0001 | SYNCB/ PEP BOYS<br>P. 0 BOX 965015<br>ORLANDO, FL 32896-0001 | SYNCB/PAYPAL CREDIT CARD<br>P.O.BOX 956005<br>ORLANDO , FL 32896-0001 |
| SYNCB/PPC<br>P.O.BOX 956005<br>ORLANDO , FL 32896-0001 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | TD Bank USA / Target Credit<br>PO Box 1470<br>Minneapolis, MN 55440-1470 |
| (p)UPGRADE  INC<br>2 N CENTRAL AVE<br>10TH FLOOR<br>PHOENIX AZ 85004-2322 | UPSTART NETWORK<br>P.O.BOX 61203<br>PALO ALTO, CA 94306-6203 | Upstart Network, Inc<br>PO BOX 1931<br>Burlingame, CA 94011-1931 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Velma Latrese Griggley,** | Bankruptcy No. 22-07885 |
| Debtor. | Honorable Jacqueline P. Cox |

## APPLICATION FOR ADMINISTRATIVE EXPENSES

Velma Latrese Griggley ("the Debtor") filed for chapter 7 bankruptcy pro se. Ariane Holtschlag was, on the petition date, appointed interim trustee. After the Debtor's chapter 7 meeting of creditors, Trustee Holtschlag determined that the Debtor's case was one in which the liquidation of the Debtor's real estate, at 2148 E. 97th Pl., Chicago, IL 60617 ("the Property") would lead to a material dividend to allowed general unsecured claims, even after allowance of her homestead exemption.

And so, Trustee Holtschlag engaged the Law Offices of William J. Factor ("FactorLaw"), at which she is a partner, to represent her in this matter. FactorLaw expended significant effort and expense on the Trustee's behalf, arising from the Debtor's refusal to cooperate with the Trustee's efforts to sell the Property. The Debtor refused to permit showings of the Property; the Trustee's real estate broker was nonetheless able to obtain a "drive-by" offer. To ensure that the sale could be consummated, given the Debtor's intransigence, FactorLaw brought both a motion to compel and a motion for turnover of the Property.

Eventually, the Debtor sought leave to convert her case to one under chapter 13. Trustee Holtschlag declined to oppose the conversion, subject to certain conditions.

{00231513}

As detailed more fully herein, FactorLaw now requests for this Court to allow it an administrative claim for its reasonable and necessary efforts on behalf of the chapter 7 bankruptcy estate, pursuant to 11 U.S.C. §§ 503(b)(2) and 330(a). FactorLaw's detailed time entries reflect fees accrued in the amount of $6,602.50, and costs in the amount of $286.44.

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## PROCEDURAL HISTORY

4. On July 15, 2022, the Debtor filed a voluntary petition for relief under chapter 7 of title 11, thus commencing this Case, pursuant to 11 U.S.C. § 301.

5. At that time, the debtor requested – and was granted – a waiver of the chapter 7 filing fee, certifying that she was unable to pay the $338.00 chapter 7 filing fee in installments. The Debtor estimated that her case was a "no asset" case where no funds would be available to distribute to allowed general unsecured creditors. (See docket entry 1 in the Case, at pages 3 and 6; the application for waiver of filing fee is docket entry 7.)

6. On July 15, 2022, Ariane Holtschlag was appointed the interim trustee for the Debtor's case.

7. On August 10, 2022, no trustee was elected at the original chapter 7 meeting of creditors, and so Ariane Holtschlag became the permanent trustee for the Debtor's case.

8. On August 13, 2022, Trustee Holtschlag, through her proposed counsel, filed an application to employ FactorLaw, retroactive to August 11, 2022, as the Trustee's general bankruptcy counsel. This request was granted on August 23, 2022.

9. Thereafter, on August 29, 2022, FactorLaw filed an application on the Trustee's behalf to employ Kim Wirtz as the Trustee's real estate agent, to market and sell the Property. The Debtor had listed its value at $48,250.00 in her schedules, and listed that it was unencumbered by liens or other secured claims. This request was granted on September 6, 2022.

10. The Debtor refused to cooperate with Kim Wirtz, denying her access to the Property, and on September 20, 2022, FactorLaw brought a "Motion to Compel," seeking the Debtor's cooperation. Wirtz continued to list the property through "drive-by" showings.

11. The next day, FactorLaw filed an "Objection to Debtor's Claim of Exemptions," because the Debtor's schedule of exemptions asserted exemptions inapplicable to the Property (including an exemption subsequent to death or desertion, and an exemption in proceeds of sale) as well as marking the property exempt in the amount of "100% of fair market value, up to any applicable statutory limit."

12. On September 27, 2022, FactorLaw filed a request for authority to sell the Property under 11 U.S.C. 363(b) and (f), seeking to sell the Property for $54,000.00 in cash, an amount in excess of the Debtor's scheduled value for the Property.

13. Given the Debtor's continuing refusal to comply with her obligations as a Debtor under the Bankruptcy Code ("The debtor shall… cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties… [and] surrender to the trustee all property of the estate…" 11 U.S.C. 521(a)(3), (a)(4)), the Trustee also brought a motion for turnover, seeking to ensure that her buyer would be able to receive the

{00231513}

keys to the property at the closing of the sale and that fixtures would remain undisturbed.

14. Finally, given the Debtor's continuing contempt of this Court's orders to cooperate with Kim Wirtz, the Trustee brought a "Motion for Rule to Show Cause."

15. Subsequent to all of the foregoing, the Debtor engaged counsel and sought to convert her Case to chapter 13. The Trustee declined to oppose this request, though the order converting the Case to chapter 13 provides that, if the Court is ever prepared to grant a motion to dismiss the case, that the Debtor would not then oppose an effort to (re-)convert the Case to one under chapter 7.

16. Attached as <u>Exhibit A</u> hereto are the contemporaneously-kept time logs detailing the work done by FactorLaw, indicating total services rendered, pursuant to the Court's order allowing such engagement, in the amount of $6,602.50. Attached as <u>Exhibit B</u> hereto is the ledger of costs incurred by FactorLaw, $286.44, relating to postage and the filing fee for the Trustee's Motion to Sell. Detailed discussion of these services follows.

17. When the order converting the case was entered, the Trustee withdrew her motion to sell, motion for turnover, and motion for rule to show cause.

18. FactorLaw now seeks to be paid for its services, and repaid for its expenses incurred, on behalf of the former chapter 7 Trustee, and seeks to be paid as a priority claim by the payments that the Debtor submits to the standing trustee.

19. FactorLaw seeks a finding that this request is timely.

## BASES FOR RELIEF REQUESTED

20. Pursuant to 11 U.S.C. § 503(a), an entity may timely file a request for payment of an administrative expense.

{00231513}

21. Pursuant to 11 U.S.C. § 503(b)(2), after notice and a hearing, administrative expenses shall be allowed, including compensation and reimbursement awarded under 11 U.S.C. § 330(a)(1). Section 330(a)(1)(A) provides for the award of reasonable compensation for actual, necessary services rendered by a trustee, professional person, or attorney, as well as reimbursement for actual, necessary expenses.

22. The list of administrative expenses in 11 U.S.C. § 503(b) is not exhaustive, but is rather demonstrative, *In re Stainless Steel Corporation*, 579 B.R. 836 (Bankr. N.D.Ill. 2017). The fees incurred by FactorLaw, in this case, were reasonable, were pursuant to an engagement authorized by the Court, and maximized the likelihood of a positive result for the Debtor's creditors.

23. Furthermore, for the entire duration of the Debtor's chapter 13 plan, FactorLaw will continue to monitor the chapter 13 case, and will seek conversion to chapter 7 in the event that the chapter 13 is subject to being dismissed.

24. Allowed administrative expenses are paid as priority claims pursuant to 11 U.S.C. § 507(a)(2).

25. Pursuant to Federal Rule of Bankruptcy Procedure 1019(6), in the event a case is converted to chapter 7, a request for payment of an administrative expense incurred before conversion of the case is timely filed under § 503(a) if it is filed before conversion or a time fixed by the Court.

### SERVICES RENDERED DURING APPLICATION PERIOD

26. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

27. Such records for the Case, copies of which are grouped and attached hereto as Exhibit A, set forth in detail: (a) the services rendered by FactorLaw (the "**Services**") on behalf of the former trustee, (b) the dates

{00231513}

upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

A. Summary of Services by professional.

28. FactorLaw spent a total of 20.6 hours at a cost of $6,602.50 in connection with this case.

29. A breakdown of the professionals providing Services is as follows.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | 16.3 | $6,112.50 |
| Danielle Mesikapp | Legal Asst. | $100 | 1.9 | $190.00 |
| Samuel Rodgers | Paralegal | $125 | 2.4 | $300.00 |
| | | Totals: | **20.6** | **$6,602.50** |

B. *Itemization of fees by category of Services rendered.*

30. **Case Administration.** FactorLaw spent a total of 1.2 hours at a cost of $350.00 on matters relating to case administration. This related to a request to extend time to the Debtor's discharge, which was granted by this Court.

31. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | 0.8 | $300.00 |
| Samuel Rodgers | Paralegal | $125 | 0.4 | $50.00 |
| | | Totals: | **1.2** | **$350.00** |

32. **Asset Analysis and Recovery.** FactorLaw spent a total of 11.2 hours at a cost of $3,562.50 on matters relating to asset analysis and

recovery. This related in large part to coordination with the Trustee's professionals and prospective professionals concerning the sale of the property (Attorney Peter Metrou collaborated in preparation for later employment to represent the Trustee at the closing of the sale), as well as seeking to ensure the Debtor's cooperation with the sale process. This also includes some communications concerning the best interest of creditors subsequent to conversion.

33. A breakdown of the professional(s) providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | 8.7 | $3,262.50 |
| Danielle Mesikapp | Legal Asst. | $100 | .5 | $50.00 |
| Samuel Rodgers | Paralegal | $125 | 2 | $250.00 |
| | | Totals: | **11.2** | **$3,562.50** |

34. **Claim Investigation.** Though full-dress analysis of claims was yet to commence, Attorney Metrou "pulled title" for the property and noted small lien held by "Think Federal Credit Union." It appeared like it should have been released, but never was. Justin Storer emailed an inquiry about this lien to Dustin Allen, an attorney at the Debtor's law firm, subsequent to the appearance of that firm's principal in the case.

35. A breakdown of the professional(s) providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | .3 | $112.50 |

{00231513}

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| | | Totals: | .3 | $112.50 |

36. **Motion to Convert.** FactorLaw spent a total of 2.6 hours at a cost of $975.00 on matters relating to the Debtor's Motion to Convert to chapter 13. This includes reviewing postpetition paystubs provided by the Debtor, reviewing the Debtor's draft chapter 13 plan, communicating with the Debtor's counsel and preparing for, and appearing at, the hearing at which the Motion to Convert was granted.

37. A breakdown of the professional(s) providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | 2.6 | $975.00 |
| | | Totals: | 2.6 | $975.00 |

38. **Exemption Review and Objection.** FactorLaw spent a total of 1.2 hours at a cost of $367.50 on matters relating to exemption review and objection. (As multiple motions were regularly presented to the Court at a single hearing in this case, this total does not include presenting the Trustee's objection to the Debtor's exemptions, which was heard alongside other matters on that day.)

39. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | .9 | $337.50 |

{00231513}

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Danielle Mesikapp | Legal Asst. | $100 | .3 | $30.00 |
| | | **Totals:** | **1.2** | **$367.50** |

40. **Fee/Employment Applications.** FactorLaw spent a total of 4.1 hours at a cost of $1,235.00 on matters relating to fee and employment applications, as detailed above.

41. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | 3 | $1,125.00 |
| Danielle Ranallo | Legal Asst. | $100 | 1.1 | $110.00 |
| | | **Totals:** | **4.1** | **$1,235.00** |

## EXPENSES

42. FactorLaw incurred $286.44 in actual and necessary expenses related to this Case. The largest aspect of this is the $188.00 filing fee for seeking 363(f) authority to sell the Property, in addition to 363(b) – and the balance is postage, serving the motions it had cause to prepare. In one instance, FactorLaw – from an abundance of caution – overnighted the Motion for Rule to Show Cause to the Debtor via UPS, in addition to serving her by mail and email. Expenses are itemized on Exhibit B.

43. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

{00231513}

## COMPLIANCE WITH LOCAL RULE 5082-1

44. FactorLaw acknowledges that Northern District of Illinois Local Rule 5082-1 sets forth certain requirements for "Any application for interim or final compensation for services performed or reimbursable expenses incurred by a professional person employed in a case filed under chapter 7[…]." FactorLaw submits that this application complies in all respects with Local Rule 5082-1.

## NOTICE

45. At least twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the standing chapter 13 trustee; (iii) all scheduled creditors; and (iv) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

**WHEREFORE**, FactorLaw respectfully requests that the Court enter an order (1) approving FactorLaw's administrative claim, in the total amount of $6,888.94 (that being $6,602.50 in fees and $286.44 in costs), and granting such other and further relief as this Court may deem just and appropriate.

Dated: November 29, 2022                    **FactorLaw,**

                                            By: */s/ Justin R. Storer*
                                            One of Its Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373.7226
Fax:    (847) 574-8233
Email:  jstorer@wfactorlaw.com

{00231513}